UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 1:15-cr-01 |
| v. | ) |
| | ) Judge Collier/Carter |
| | ) |
| MATTHEW JOHN CRUPI | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Matthew John Crupi, and the defendant's attorney, Anthony Martinez, have agreed upon the following:

1. The defendant will waive Indictment and arraignment and plead guilty to Count One of a One Count Bill of Information charging the defendant with wire fraud in violation of 18 U.S.C. § 1343. The punishment for this offense is a maximum penalty of up to 20 years imprisonment, a fine of up to $250,000, up to 3 years supervised release, and a mandatory special assessment of $100.

2. The parties agree that the appropriate disposition of this case would be the following:

   a) The Court may impose any lawful term of imprisonment up to the statutory maximum;
   b) The Court may impose any lawful fine up to the statutory maximum;
   c) The Court may impose any lawful term of supervised release;
   d) The Court will impose a special assessment fee as required by law; and
   e) The Court may order forfeiture as applicable and restitution as appropriate.

1

3. The defendant has read the Information, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime to which he is pleading guilty must be proved beyond a reasonable doubt.

Wire Fraud:

    A. That the defendant devised and intended to devise a scheme to defraud in order to obtain money;
    B. That the scheme included a material misrepresentation of a material fact;
    C. That the defendant had the intent to defraud; and
    D. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts which satisfy these elements. These are the facts submitted for the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

The defendant was a real estate developer and investor in the Eastern District of Tennessee. The defendant, and others, developed a business plan to raise money for the purpose of developing low income housing in and around Chattanooga, Tennessee. In pursuit of this goal, the defendant, and others, formed a company called Urban Investment and Development (UID). The defendant and others began seeking investors for the purpose of

2

investing in UID. The defendant offered a large rate of return, up to 20%, to the investors. The defendant and others were able to raise approximately $5,000,000 based upon their representations.

After the defendant's business began losing money, the defendant was faced with the prospect of being unable to make interest payments to investors. In order to maintain credibility with the investors, the defendant began paying the interest owed to the original investors out of the money paid by those investors and new investors who were lured into the scheme. The defendant lured new investors into the scheme to pay off, in full, the loans made by older investors. The new investors' money was not designated for new real estate development projects, as promised by the defendant, but instead was used to satisfy the debt owed to older investors in the scheme.

Eventually, the defendant invited "DD" (a resident of South Carolina) to come to Chattanooga and the Eastern District of Tennessee for the purposes of "DD" allegedly investing in the defendant's real estate scheme. When "DD" came to Chattanooga from South Carolina, the defendant showed to "DD" several sites where real estate was to be purchased with investor funds. The defendant induced "DD" to send a wire transfer from the state of South Carolina to the Eastern District of Tennessee, for properties located in the Eastern District of Tennessee, and for actions originated by the defendant in the Eastern District of Tennessee, totaling approximately $89,000 from "DD." The defendant fraudulently implied that the money sent by "DD" was for four pieces of property that the defendant had shown to "DD" during his trip to Chattanooga. The defendant claimed to "DD" that he owned the four pieces of property and that he (the defendant) would remodel and develop those properties in order to generate income

3

for himself and "DD." In fact, the defendant did not own the four pieces of property which he claimed were his. The defendant prepared four fraudulent deeds of trust and presented those fraudulent deeds of trust to "DD" in order to assure "DD" that the transaction was legitimate.

For the purpose of executing the scheme and artifice to defraud and attempting to do so, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, the defendant knowingly transmitted and caused to be transmitted from a financial institution outside of the state of Tennessee into an account in the Eastern District of Tennessee, by means of wire communication in interstate commerce, certain writings, signs, signals and sounds for the purpose of executing the scheme and artifice to defraud:

| Count | On or About Date | Institution | Approximate Amount |
|---|---|---|---|
| One | 7/19/2010 | First Tennessee Bank | $89,000 |

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

      a) the right to be indicted by a grand jury;
      b) the right to plead not guilty;
      c) the right to a speedy and public trial by jury;
      d) the right to assistance of counsel at trial;
      e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;
      f) the right to confront and cross-examine witnesses against the defendant;
      g) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and
      h) the right not to testify and to have that choice not used against the defendant.

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section

4

Case 1:15-cr-00001-CLC-CHS Document 3 Filed 04/09/15 Page 4 of 9 PageID #: 10

3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The defendant agrees that the decision to file this motion is within the sole discretion of the United States. Should the defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

9. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. Finally, the defendant and counsel agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel.

10. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

> a.) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.
> b.) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6

> c.) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. Pursuant to an agreed order of forfeiture and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, in the possession or control of the defendant or the defendant's nominees, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343. The defendant agrees to forfeit his interest in the following property, including but not limited to:

Proceeds/Money Judgment:

A personal money judgment in the amount equal to all proceeds or property traceable to proceeds that the defendant obtained directly or indirectly as the result of the scheme charged in the Information.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to United States of any other assets or portions thereof subject to forfeiture or in satisfaction of the money judgment. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to pay a money judgment as described above. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such properties and to pass title to the United States before the defendant's sentencing.

12. This agreement becomes effective once it is signed by the parties. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement, moves to withdraw the defendant's guilty plea(s), or violates any court order or any local, state or federal law pending the resolution of this case, then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

_4/9/15_
Date

By: _____
Perry H. Piper, Assistant U.S. Attorney

_4/9/15_
Date

_____
Anthony Martinez, Attorney for the Defendant

_04/07/15_
Date

_____
Matthew John Crupi, Defendant

9